UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-cv-290-RJC-DSC

| | |
|---|---|
| MARK W. BAYNES, et al., ) | |
| ) | |
| Plaintifsf, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| SIDNEY S. HANSON, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Government's Motion to Intervene and Motion to Seal. (Doc. No. 5). For the following reasons, the Motion to Intervene is **GRANTED** and the Motion to Seal is **GRANTED**.

The Government seeks to intervene under Rule 24 for the limited purpose of moving to stay discovery. Rule 24(b) gives the district court discretion to permit a nonparty to intervene in a private lawsuit where that party's claims and the pending civil action share questions of law and fact and where such intervention would not "unduly delay and prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). "Courts that have addressed a motion to intervene for the limited purpose of seeking a stay in a civil action filed on behalf of the United States have allowed intervention where the civil action shares the same common questions of fact as a parallel criminal proceeding." Ashworth v. Albers Med., Inc., 229 F.R.D. 527, 529 (S.D. W.Va. 2005) (citing other cases).

The United States' application to intervene was filed at an early stage in the litigation. Additionally, the criminal proceedings and civil action involve common questions of law and

fact concerning whether a receiver should be appointed by the Court to take custody of the assets, books, and records of the Queen Shoals entities. Therefore, the Government's Motion to Intervene is granted for the limited purpose of moving to stay discovery.

The Government also moves to seal its Motion to Intervene. Local Rule 6.1(A) governs "any request by a party to seal, or otherwise restrict access to, any materials filed with the Court or utilized in connection with judicial decision-making." Rule 6.1(C) further provides that a motion to seal shall set forth:

(1) a non-confidential description of the material sought to be sealed;
(2) a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
(3) unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
(4) supporting statutes, case law or other authority.

The Government has complied with the above requirements. The Government indicates that it is sealing its motion to intervene because it contains information regarding an ongoing federal criminal investigation.

**IT IS THEREFORE ORDERED** that:

1. Government's Motion to Intervene is **GRANTED**;

2. Government's Motion to Seal the Motion to Intervene is **GRANTED** and the Clerk of Court is directed to maintain Doc. No. 5 under seal; and

3. the Government is advised that the Court is having a preliminary injunction hearing in this case tomorrow, July 28, 2009, at 2pm.

Signed: July 27, 2009

Robert J. Conrad, Jr.
Chief United States District Judge