UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:09-cv-290-RJC-DSC

| | | |
|---|---|---|
| MARK W. BAYNES et al., | ) | |
| Plaintiffs, and | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SIDNEY S. HANSON et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes now before the Court sua sponte. Plaintiffs have been given two opportunities to continue their prosecution of this case. First, plaintiffs were notified by their counsel on September 7, 2010, that they should notify the Court by September 21, 2010, if they wished to proceed with the action. See (Doc. No. 24 at ¶ 7). The Court never received word from the plaintiffs after they had been given such notice. Then, on February 2, 2011, the Court sent notice to all Plaintiffs that if they took no further action in the case within thirty days, the case would be dismissed for failure to prosecute. See (Unnumbered Docket Entry: Notice of February 2, 2011). The thirty days have passed, and the plaintiffs have taken no action to notify the Court of any intention to take further action in this case.[1]

"[A] district court possesses the 'inherent power' to dismiss a case sua sponte for failure to prosecute. . . . [S]uch authority derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Eriline Co., S.A. v.

---

[1] In addition, the Government intervened in this case only for a limited purpose, and the Assistant United States Attorney assigned to this case has informed the Court that the Government does not object to this case being dismissed for failure to prosecute.

Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Signed: March 16, 2011

Robert J. Conrad, Jr.
Chief United States District Judge